Robert J. VINSON, Ola M. Vinson, A. Starke Taylor, Jr. and Carolyn Taylor, Petitioners-Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

No. 79–3821
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 10, 1980.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Acting Chief, Appellate Section, Tax Div., U. S. Dept. of Justice, Washington, D. C., for respondent-appellant.

Hudson, Keltner, Smith, Cunningham & Payne, Harry M. Brants, Fort Worth, Tex., for petitioners-appellees.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

The Commissioner of Internal Revenue appeals a Tax Court decision permitting taxpayers Robert and Ola Vinson and

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

A. Starke and Carolyn Taylor to deduct as ordinary and necessary business expenses certain cultivation and maintenance expenditures incurred during the preproductive years of their pecan orchards. Rejecting the Commissioner's contention that the expenditures must be capitalized for the reasons set forth in the Tax Court opinion, 38 T.C.M. (CCH) 740 (1979), we affirm.

Robert Vinson and A. Starke Taylor each purchased a parcel of land from Wolfe Pecanlands, Inc. and separately executed orchard management contracts engaging Wolfe's services in the planting, growing and operation of pecan orchards on the land. The contracts provided for a five-year tree growing phase followed by a ten-year management period.

Wolfe planted seeds in its own seed bed and grew them for almost a year. Healthy seedlings were then transplanted to the taxpayers' land. At the time of transplantation, the risk of loss passed to the taxpayers from Wolfe, which did not guarantee productivity.

Although transplanted seedlings would usually develop into trees bearing commercially marketable pecans, control over the variety of pecans produced cannot be achieved without budding the seedlings, a process required under the contracts between the taxpayers and Wolfe. After the seedlings had grown in the orchards for approximately two years, a single bud from a known variety of papershell pecan was grafted onto each surviving seedling. Soon afterward, all branches other than the bud were removed, "forcing" the tree to develop with the characteristics of the bud. The trees would then become productive in the sixth year after the seedlings were transplanted.

The taxpayers paid Wolfe a fixed amount per acre in annual installments during the five-year tree growing phase. In exchange, Wolfe provided seedlings, buds, grafts, fertilizer, labor and other materials and supplies. Services performed by Wolfe included its "cultural practices": spraying, cultivating surrounding land, fertilizing, watering, pruning and irrigating.

The Commissioner assessed deficiencies against the Vinsons for tax years 1972 through 1974 and against the Taylors for 1974 based on their deductions of expenditures incurred for cultural practices prior to the budding of the pecan trees. The Tax Court permitted the deductions.

On appeal, the taxpayers do not contend that the cost of the seedlings and their transplantation and budding is deductible as an ordinary and necessary business expense. Nor does the Commissioner contest the taxpayers' treatment of cultivation and maintenance expenditures incurred *after* budding as deductible expenses. The only issue before this Court is whether cultural practices expenditures incurred *prior* to budding are nondeductible capital outlays or deductible ordinary and necessary business expenses.

As a general rule, expenditures paid or incurred in carrying on a trade or business are deductible as ordinary and necessary business expenses, but capital expenditures are not. I.R.C. §§ 162(a), 263(a). An exception to the general rule, however, permits farmers to elect, under certain circumstances, between deducting and capitalizing development expenditures. The rule for farmers is governed by Treas.Reg. § 1.162–12(a) (1972), which provides in part:

> Amounts expended in the development of farms, orchards, and ranches prior to the time when the productive state is reached may, at the election of the taxpayer, be regarded as investments of capital.

This regulation, which has been in effect for over 60 years, gives farmers the option of deducting or capitalizing expenditures incurred in the preproductive period which bear characteristics of both capital outlays and ordinary expenses and therefore fall within a "band of gray." *Estate of Wilbur v. Commissioner*, 43 T.C. 322, 324, 328 (1964). Farm expenditures which are clearly capital in nature, however, such as the costs of purchasing and budding the pecan seedlings in this case, are not deductible. *Thompson & Folger Co. v. Commissioner*, 17 T.C. 722, 724–26 (1951).

The Commissioner contends that because the expenditures underlying this dispute preceded the budding process, they were capital expenditures preparatory to the completed acquisition of the orchard rather than development expenditures within the meaning of the regulation. We rely on the reasoning of the Tax Court in rejecting the chronological test proposed by the Commissioner.

The Commissioner's approach overlooks the fact that the taxpayers had orchards capable of development prior to the budding process. Once the year-old seedlings were transplanted onto their land, the risk of loss passed to the taxpayers, who thus acquired orchards requiring care and maintenance during the preproductive period. The seedlings would have developed into productive pecan trees, even without the budding process, which was necessary only to control the variety of pecans produced.

The suggested chronological approach would preclude an examination of the crucial factor in this case, the nature of the cultural practices expenditures. Wolfe's cultural practices encompassed services which would be required in the regular care and maintenance of the orchards once they became productive, including spraying, watering, pruning and irrigating. *See Estate of Wilbur v. Commissioner,* 43 T.C. at 323–24. Expenditures for those services clearly meet the test applied by the Ninth Circuit, which we adopt:

> Expenses of maintaining agricultural items in the preproductive state are deductible if they are sufficiently similar to the expenses that will be required to maintain them once they are productive.

*Maple v. Commissioner,* 440 F.2d 1055, 1057 (9th Cir. 1971), *aff'g* 27 T.C.M. (CCH) 944 (1968).

This decision is in accord with cases in the Eighth and Ninth Circuits and the Tax Court. *Wagner Mills, Inc. v. Commissioner,* 33 T.C.M. (CCH) 1267 (1974), *aff'd,* 530 F.2d 827 (8th Cir. 1976); *Maple v. Commissioner,* 440 F.2d 1055. *But see Ashworth v. United States,* 71–2 U.S.T.C. ¶ 9710 (S.D.Ill.1971).

AFFIRMED.