[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13823
Non-Argument Calendar
_____

Agency No. 19207-06

WILLIAM R. BASS,
BETTY O. BASS,

Petitioners-Appellants,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(April 9, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

William R. Bass and his wife, Betty O. Bass, appeal pro se from the U.S.

Tax Court's order and decision in favor of the Commissioner of Internal Revenue

("the Commissioner") directing them to pay tax additions or penalties, under 26

U.S.C. §§ 6653(a)(1), (a)(2), and 6661, based on their underpayment of their 1982

taxes. The tax court found additionally that it lacked jurisdiction to consider the

enhanced rate of interest imposed pursuant to 26 U.S.C. § 6621(c). The Basses'

tax deficiency, or underpayment, stemmed from their investment in Cal-Neva

Partners, a jojoba farming partnership, and the related deductions they took

regarding that partnership. For the reasons explained below, we affirm the tax

court's final decision.

## I. FACTS

In 1982, the Basses invested in Cal-Neva Partners, a jojoba farming

operation. At the time, Mr. Bass worked as an accountant for Lockheed

Corporation, and Mrs. Bass worked as a typist for the Institute of Basic Youth

Conflict. Mr. Bass was contacted regarding the Cal-Neva Partners investment. On

an unrelated business trip for his employer, Mr. Bass met two people involved with

Cal-Neva Partners. The two people Mr. Bass met with were a man from the airline

industry and a woman who was an attorney. Mr. Bass testified that he did a

"limited amount of checking" regarding the investment, and he did not spend "days

and days . . . in the area where [the man and woman] resided." Mr. Bass thought

that Cal-Neva Partners seemed like a viable investment, and he paid the $5,000

2

initial investment amount and financed the rest of the investment amount.

Ultimately, the partnership went under.

On their 1982 tax return, Mr. and Mrs. Bass did not identify their investment in Cal-Neva Partners. Instead, on their Schedule C form, they listed "Bass Enterprises," listed their apparent home address, and wrote "not applicable" in the space for the employer identification number. They listed a $13,150 deduction as a "write-off" for a "farming venture." While the Basses did not identify Cal-Neva Partners on the 1982 tax return, this "farming venture" was Cal-Neva Partners.

After the decision in Cal-Neva Partners v. Commissioner, Docket No. 6594-87 (2005), which determined that the deductions taken by Cal-Neva Partners for research and development into jojoba farming were not allowable as deductions, the Commissioner of the Internal Revenue Service issued a Notice of Deficiency to the Basses, informing them that they owed additions to tax under 26 U.S.C. §§ 6653(a)(1), (a)(2), and 6661 for the deductions they had taken related to Cal-Neva Partners. The IRS determined that the Basses improperly deducted $14,783.69 for a tax motivated transaction. Based on this calculation, the IRS calculated that their deficiency for tax was $7,020. The Notice of Deficiency explained that the Basses owed additions of twenty-five percent of the deficiency under § 6661, five percent of the deficiency under § 6653(a)(1) and fifty percent of the interest owed on the deficiency under § 6653(a)(2). The Notice also stated that interest accrued on the

3

deficiency at the rate of 120 percent of the underpayment rate under 26 U.S.C. § 6621(c) because the understatement of income was due to a tax motivated transaction. The Notice of Deficiency indicated that it reflected only the tax additions for 1982, and not the underlying income tax or interest owed for 1982.

On September 16, 2006 the Basses filed a pro se petition with the U.S. Tax Court for a redetermination of the deficiency alleged in the Commissioner's Notice of Deficiency. The tax court held a trial. Following the trial, the tax court issued its findings of fact and opinion. The tax court found that the Basses were liable for tax additions for negligence under 26 U.S.C. §§ 6653(a)(1) and (a)(2). The tax court also found that the Basses were liable for tax additions under 26 U.S.C. § 6661 because substantial authority did not support their treatment of the Cal-Neva Partners loss and because they did not adequately disclose the loss on their return. Furthermore, the tax court found that the Basses were not able to deduct the $5,000 out-of-pocket payment by the Basses for investment in Cal-Neva Partners. Finally, the tax court held that it did not have jurisdiction over the underlying tax deficiency assessment nor over the interest assessment under 26 U.S.C. § 6621(c). The Basses have appealed the tax court's findings of fact and opinion to this Court.

## II. DISCUSSION

The Basses have essentially appealed on three grounds to this Court. The Basses argue first that the tax court erred in finding that they were liable for tax

4

additions under §§ 6653(a)(1), (a)(2), and 6661. The Basses argue second that the tax court should have allowed a $5,000 deduction related to Cal-Neva Partners for the 1982 tax year, which would have affected the applicability of the tax additions imposed. The Basses argue third that the tax court should have found the increased interest rate imposed on the underlying tax deficiency under 26 U.S.C. § 6621(c) to be inappropriate.

A. The Tax Additions

On appeal, the Basses first argue that the tax court clearly erred in finding that they were liable for tax additions under §§ 6653(a)(1), (a)(2), and 6661. The tax court found the Basses liable under §§ 6653(a)(1) and (a)(2) because their tax underpayment was due to negligence. The tax court found the Basses liable under § 6661 because their tax underpayment was not supported by substantial authority, and the facts underlying the disallowed deduction were not disclosed.

We review the tax court's findings of fact for clear error and its legal conclusions are reviewed de novo. Florida Hosp. Trust Fund v. Comm'r, 71 F.3d 808, 810 (11th Cir. 1996). "A finding of fact is clearly erroneous if the record lacks substantial evidence to support it, so that our review of the entire evidence leaves us with the definite and firm conviction that a mistake has been committed." Creel v. Comm'r, 419 F.3d 1135, 1139 (11th Cir. 2005) (quotation omitted).

Several Internal Revenue Code ("IRC") provisions impose penalties, or tax

5

additions, for the nonpayment of federal income tax liabilities. Former

§ 6653(a)(1) imposed a tax addition in an amount equal to five percent of the

taxpayer's underpayment of a tax if such underpayment was "due to negligence or

intentional disregard of rules and regulations." 26 U.S.C. § 6653(a)(1) (1982).[1]

Section 6653(a)(2) imposed a tax addition in an amount equal to fifty percent of

the interest due on the portion of the underpayment attributable to negligence or

intentional disregard of rules and regulations. Id. § 6653(a)(2). Negligence is

defined as a taxpayer's failure to exercise "due care or failure to do what a

reasonable and ordinarily prudent person would do under the circumstances."

Marcello v. Comm'r, 380 F.2d 499, 506 (5th Cir. 1967). The tax court determined

in this case that the Basses' underpayment was due to negligence.

Substantial evidence supported the tax court's finding that the tax additions

under § 6653(a)(1) and (a)(2) were appropriate because the Basses were negligent

in failing to investigate their Cal-Neva Partners investment and seek independent

advice on that investment. Specifically, the tax court found that Mr. Bass relied

solely on the representations of promoters who had no known experience in jojoba

farming, and that he spent very little time investigating the investment or its tax

treatment. While the Basses argue on appeal that Mr. Bass' experiences growing

_____

[1] The IRC provisions for the penalties at issue in this case were restructured for tax returns due after 1989 and now appear at 26 U.S.C. §§ 6662-6663. See Omnibus Budget Reconciliation Act of 1989, Pub. L. No. 101-239, § 7721, 103 Stat. 2106, 2395-99.

up on a farm, his education and career as an accountant, and his prior experience with similar investments meant that his investigation into Cal-Neva Partners was sufficient to constitute due care, the tax court considered these facts and found that Mr. Bass' experience was not persuasive evidence that he was qualified to assess the Cal-Neva Partnership. Therefore, we cannot say that the tax court clearly erred in finding that the Basses were negligent in their underpayment of tax.

Section 6661 of the IRC provided that, "[i]f there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement." 26 U.S.C. § 6661(a) (1988).[2] A substantial understatement existed if the amount of the understatement exceeded the greater of ten percent of the tax required to be shown on the return or $5,000. Id. § 6661(b)(1)(A). The amount of the understatement was reduced by that portion of the understatement that was attributable to (1) the tax treatment of any item for which there was "substantial authority," or (2) the tax treatment of any item for which the relevant facts affecting the treatment were adequately disclosed on or with the return. Id. §

---

[2] Although the penalty under § 6661(a) was only 10 percent of the underpayment attributable to the substantial understatement in 1982, 26 U.S.C. § 6661(a) (1982), Congress passed a law in 1986 raising the rate to 25 percent for all penalties assessed after the law's enactment, see Omnibus Budget Reconciliation Act of 1986, Pub. L. No. 99-509, § 8002(a), (b), 100 Stat. 1874 (1986); Karr v. Comm'r, 924 F.2d 1018, 1026 n.9 (11th Cir. 1991) (noting the amendment). The Basses do not dispute the 25 percent rate used to calculate their § 6661 tax addition.

6661(b)(2)(B). Substantial authority exists when "the weight of the authorities supporting the treatment is substantial in relation to the weight of authorities supporting contrary positions." 26 C.F.R. § 1.6661-3(b)(1) (1985). In order for a disclosure to be adequate under § 6661(b)(2)(B)(ii), a taxpayer should provide the IRS with information regarding the tax treatment of the item that "reasonably may be expected to apprise the [IRS] of the nature of the potential controversy." 26 C.F.R. § 1.6661-4(b) (1985).

For the purposes of § 6661, authority includes IRC provisions, IRS regulations, court cases, and administrative pronouncements. 26 C.F.R. § 1.6661-3(b)(2) (1985). Authority does not include an individual taxpayer's prior tax practices. See id. The Basses have pointed to no authority other than their tax practices from other years. Therefore, the tax addition under § 6661 was proper because substantial authority did not support the Basses' deduction related to the investment in Cal-Neva Partners, and they did not disclose facts regarding the deduction on their 1982 tax return.

Thus, the tax court properly found that the Basses were liable for tax additions pursuant to §§ 6653(a)(1), (a)(2), and 6661.[3]

B. The $5,000 Deduction

---

[3]    The Basses' argument regarding the burden of proof does not affect our analysis because the tax court clearly held that the record in this case supported the application of the additions to tax even if the burden of production were on the Commissioner.

The Basses argue that the tax court clearly erred in finding that, because they were not entitled to a $5,000 deduction for the partnership investment, that amount did not affect the applicability of the tax additions imposed. Whether an expenditure is deductible as an ordinary and necessary business expense is a question of fact that we review for clear error. Bone v. Comm'r, 324 F.3d 1289, 1293 (11th Cir. 2003).

The Basses were not entitled to deduct the $5,000 they invested in Cal-Neva Partners because it was a capital expenditure rather than a business expense. "As a general rule, expenditures paid or incurred in carrying on a trade or business are deductible as ordinary and necessary business expenses, but capital expenditures are not." Vinson v. Comm'r, 621 F.2d 173, 174 (5th Cir. 1980) (citing 26 U.S.C. §§ 162(a) and 263(a)). "[A] partner's interest in the partnership is itself a capital asset, subject to gain or loss like any other capital asset." Stackhouse v. United States, 441 F.2d 465, 467 (5th Cir. 1971). Mr. Bass testified that the $5,000 payment to Cal-Neva Partners was an investment for his partnership interest in the partnership. Accordingly, the tax court did not clearly err in finding that the investment did not affect the applicability of tax additions under 26 U.S.C. §§ 6653(a)(1), (a)(2), and 6661.

C. Increased Rate of Interest

Finally, the Basses argue, on the merits, that the tax court erred in using a

9

120 percent increased rate of interest under 26 U.S.C. § 6621(c), because their investment in Cal-Neva Partners was not tax-motivated. Former § 6621 of the IRC provided for enhanced interest for underpayments attributable to tax motivated transactions. Specifically, if a taxpayer's substantial underpayment of income tax was due to a tax motivated transaction, interest would accrue and be assessed on the deficiency at 120 percent of the underpayment rate. 26 U.S.C. § 6621(c)(1) (1987).

Although we liberally construe pro se briefs, "issues not briefed on appeal by a pro se litigant are deemed abandoned." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008), cert. denied, 129 S. Ct. 74 (Oct. 6, 2008). The Basses have abandoned any challenge to the tax court's finding that it lacked jurisdiction to consider the enhanced rate of interest imposed pursuant to § 6621(c) by failing to dispute that finding.

We affirm the final decision of the tax court imposing on the Basses tax additions pursuant to 26 U.S.C. §§ 6653(a)(1), (a)(2), and 6661.[4]

**AFFIRMED.**

---

[4] The Basses did not argue in their initial brief that the tax court's computation of the tax addition amounts was erroneous, although they address that issue briefly in their reply brief. Nonetheless, we do not consider "issues raised for the first time in a pro se litigant's reply brief." Timson, 518 F.3d at 874. Accordingly, the Basses have abandoned any challenge to the tax court's computations by not briefing the issue in their initial brief. See id.

10